## Addison G. Marr, Plff. in Err., *v.* Frank S. Marr, Assignee.

That the court might, upon the evidence, have reached a different conclusion as to the facts is not good ground for reversing a judgment on the finding of a referee under the act of May 14, 1874.

In calculating interest in mutual accounts the interest is to be found to the date when the aggregate amount of repayments exceeded the interest, and the balance struck as the basis for the next calculation of interest, and so on.

(Argued April 28, 1887.   Decided May 9, 1887.)

January Term, 1887, No. 26, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Northumberland County to review a judgment for the plaintiff in a feigned issue, on the finding of a referee, appointed under the act of May 14, 1874.   Affirmed.

This was a feigned issue in which Frank S. Marr, assignee, was plaintiff, and A. G. Marr was defendant, to determine the amount due the plaintiff by the defendant, upon a confessed judgment which had been opened for the purpose of letting the defendant into a defense.

The referee, W. I. Greenough, Esq., reported as follows:

On the 1st day of January, A. D. 1875, A. G. Marr executed to W. H. Marr his promissory note of that date for the sum of $12,013.17 payable one day after date, with warrant of attorney, authorizing the entry of judgment against him for that sum.  Under the note is written, without signature, "the above note given, subject to rectification of any error if such there may be found upon a further settlement."

On the back of the note is the following:

"This judgment is held as collateral security for the enforcement of an agreement dated the 12th day of July, 1876, between Dr. Wm. H. Marr, of Lewisburg, Pennsylvania, for the col-

NOTE.—The findings of a referee under the act of May 14, 1874, have the same effect as the finding of a jury.   Bruch v. Philadelphia, 181 Pa. 588, 37 Atl. 818; Southern Maryland R. Co. v. Moyer, 125 Pa. 506, 17 Atl. 461; McGinn v. Benner, 180 Pa. 396, 36 Atl. 925; Bidwell v. Pittsburgh, O. & E. L. Pass. R. Co. 114 Pa. 535, 6 Atl. 729.

lection of $8,000 with interest from the 1st day of January, 1877, in manner as set forth in the above referred to agreement 14th August, 1876.

(Signed)      W. H. Marr,

W. A. Marr, attorney for A. G. Marr."

The judgment in this case was entered on the 15th of May, 1877, upon the above note and warrant of attorney.

It was agreed and admitted by the parties at this hearing, and is found by the referee, that "the transactions between the parties hereto, upon which the judgment note in this case is based, arose out of certain loans made by William H. Marr, the assignor of said judgment note, to A. G. Marr and J. C. Marr, and to A. G. Marr, and repayments made by them; and A. G. Marr, the defendant, also subsequently purchased the interest of J. C. Marr."

It was also agreed and admitted by said parties that "the evidence under the ruling of the supreme court, reported in 16 W. N. C. 436, should be directed to the questions of how much money William H. Marr loaned to J. C. & A. G. Marr and A. G. Marr, and how much the firm of J. C. & A. G. Marr and A. G. Marr repaid to William H. Marr, on account of said loans; and the dates of said loans and repayments respectively, and 'the referee' to find the balance between the parties."

William H. Marr loaned money at different times to A. G. Marr, and he also loaned other sums of money at different times to the firm of J. C. & A. G. Marr. These loans were to bear interest from their dates. The firm of J. C. & A. G. Marr called themselves "bankers" and their loans are called "deposits." For the greater part of these loans certificates of deposit bearing interest were issued to W. H. Marr, and, except the last ones, were payable at specified times upon return of the certificates.

Books of account were kept by J. C. & A. G. Marr and A. G. Marr, containing accounts with W. H. Marr, in which were entered the sums loaned, as above stated, and the sums repaid on these loans. These books are in the possession of A. G. Marr; they are not in evidence. But statements giving the items of debit and credit and showing the condition of the accounts with W. H. Marr were rendered frequently, by J. C. & A. G. Marr and A. G. Marr to W. H. Marr.

Besides the loans above stated other loans were made by Wm.

H. Marr, called in the testimony "temporary" or "call" loans, which did not bear interest and were speedily repaid. They were made when these bankers were short of funds and needed help. These loans or the repayment of them do not appear in any of the statements above mentioned rendered to W. H. Marr. These loans and the repayment of them balanced each other and did not enter into the consideration of the note on which the judgment is entered. However, in the list of "admitted loans submitted to the referee" is one item of a temporary loan of "12th May, 1869, $359.20," and in the list of disputed payments are three items of "3d May, 1869, $256.81;" "4th June, 1869, $20," and "6th September, 1869, $83.19" which were finally admitted to be repayments of that loan. These items, on both sides, are omitted from the calculations made by the referee.

The referee finds the dates and amounts of the loans, other than the temporary or call loans made by W. H. Marr to J. C. & A. G. Marr and A. G. Marr, and the dates and amounts of the repayments on account of said loans made by J. C. & A. G. Marr and A. G. Marr to W. H. Marr in separate statements or schedules, were as follows. . . .

From the facts found above the balance between the parties is determined by deducting the payment from the loans and interest on them in the mode prescribed by law under Penrose v. Hart, 1 Dall. 378, 1 L. ed. 185, and Spires v. Hamot, 8 Watts & S. 17.

The referee decides that interest at the rate of 6 per cent per annum is to be calculated on the several loans, to a date when the aggregate amount of the repayments exceeds the interest; and then the sum of the repayments is to be deducted from the aggregate of the loans and interest and a balance struck; upon this balance and subsequent loans, interest is to be calculated (to) another date when the payments exceed the interest, when the balance at that date is to (be) struck as above; and interest is to be calculated by that method from payment to payment which exceeds the interest to the date of the judgment, and on the aggregate of principal and interest from the date of the judgment to this date.

By that mode of calculation the referee finds and returns that there is due to the plaintiff from the defendant, on this judg-

ment in suit, the sum of $5,840.80 on the 29th day of March, 1886, being the principal and interest to that date.

The court below dismissed the defendant's exceptions and entered judgment in accordance with the referee's report.

The assignments of error specified the referee's findings of fact and his method of calculating interest.

*S. P. Wolverton* for plaintiff in error.

*W. H. M. Oram* and *Dill & Beale* for defendant in error.

PER CURIAM:

This was a feigned issue to determine the sum due on a judgment against the defendant below. Under the issue tried we think the interest was computed correctly. Although it was clearly shown that the defendant had given to the plaintiff a certain check of $500, yet whether it was to apply on this judgment or had been applied and settled otherwise was a question of fact for the referee to determine. We do not think his finding is without evidence. It is not sufficient cause for reversal that we may have found differently. We discover no error in the record which demands a reversal or modification of the judgment.

Judgment affirmed.